IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR RAYAS, | )<br>) |
| *Plaintiff,* | )<br>) |
| v. | ) No. 18 C 3076<br>) |
| UNITED STATES OF AMERICA | ) Judge Virginia M. Kendall<br>) |
| *Defendant.* | )<br>) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Victor Rayas, a veteran of the United States Armed Forces, was arrested for battery after an altercation with an officer in the parking lot of the Jesse Brown Veterans Administration hospital. He was tried for misdemeanor battery, but a state court granted a motion for a directed finding in Rayas's favor. Rayas now brings this suit under the Federal Tort Claims Act ("FTCA"), alleging malicious prosecution.

The government has moved for summary judgment, arguing that Rayas has failed to establish three required elements of his claim: lack of probable cause, malice, and favorable termination. (Dkt. 25). Because a genuine dispute of material fact remains in this case and the government has not shown that the underlying criminal case was not terminated in Rayas's favor, the Court denies the government's Motion for Summary Judgment.

## BACKGROUND

On January 18, 2017, Rayas took his father to the Jesse Brown Veterans Administration Hospital in Chicago, Illinois. (Dkt. 30 ¶ 3). Around 4:00 p.m., while his father was still inside, Rayas went outside to smoke a cigarette and to get his car from the parking garage so that he could pick his father up at the building entrance. (*Id.* at ¶ 4). Rather than walking in the covered pedestrian walkway that leads from the hospital entrance to the parking garage, Rayas walked outside of the walkway, by the traffic circle, while smoking his cigarette. (Dkt. 26 ¶¶ 5, 9). He denies, however, that he was walking in the roadway. (Dkt. 30 ¶ 9). When Rayas arrived at the parking garage, he ducked under a chain demarcating the traffic circle from the pedestrian area at the entrance to the parking garage, still holding his cigarette. (*Id.* at ¶¶ 6, 10). VA Police Sergeant Carlos Echeverry, who was dressed in his police uniform at the time, saw Rayas cross these chains. (*Id.* at ¶ 11). From this point, the parties' accounts of what happened diverge.

According to Rayas, when he entered the garage, he was met by Sgt. Echeverry. (Dkt. 32 ¶ 8). Sgt. Echeverry told Rayas that the chains were there for a reason, Rayas said he understood and proceeded to his car. (Dkt. 30 ¶ 12). Sgt. Echeverry blocked Rayas's path and moved to continue blocking Rayas as he walked. (Dkt. 32 ¶ 9). When Rayas attempted to walk around him, Sgt. Echeverry bumped into Rayas's chest and pushed Rayas. (*Id.* at ¶ 13). Sgt. Echeverry continued to act aggressively towards Rayas and ultimately handcuffed and arrested Rayas. (*Id.* at ¶ 14).

According to the government, Sgt. Echeverry heard Rayas curse as Rayas approached the chains. (Dkt. 30 ¶ 12). Sgt. Echeverry went up to Rayas and told Rayas that the chains were there for safety reasons. (*Id.* at ¶ 12). After Rayas crossed under the chains, Sgt. Echeverry put his hand up and told Rayas to stop. (Dkt. 26-2 at 9). Rayas cursed in response and bumped his chest into Sgt. Echeverry. (Dkt. 30 ¶ 14). Sgt. Echeverry continued to obstruct Rayas's path, and Rayas forcefully bumped Sgt. Echeverry for the second time, at which point Sgt. Echeverry pushed Rayas back. (*Id.* at ¶ 20). Rayas continued to try to force past Sgt. Echeverry, and Sgt. Echeverry grabbed Rayas by the arm and told him to put his hands on the wall. (*Id.* at ¶¶ 21–22). Rayas refused to drop his cigarette or put his hands behind his back, so Sgt. Echeverry called for backup. (*Id.* at ¶ 23).

Turning back to the undisputed facts, Sgt. Echeverry signed a complaint against Rayas for battery in violation of 720 ILCS 5/12-3(a)(2). (Dkt. 30 ¶ 25; Dkt. 32 ¶ 15). The complaint alleged that Rayas "[b]ecame belligerent when Sergeant Echeverry attempted to stop him for smoking in a non smoking area and [b]umped his chest into the chest of Sergeant Echeverry in an attempt to get past Sergeant Echeverry." (Dkt. 26-2 at 87).

On April 6, 2017, Rayas proceeded by bench trial in state court. (Dkt. 30 ¶ 26). At the close of the State's case, defense counsel moved for a directed finding. (*Id.* at ¶ 29). Defense counsel argued that the State had not shown that Rayas made the insulting or provoking contact required for battery under 720 ILCS 5/12-3(a)(2). (Dkt. 26-2 at 20). The court granted Rayas's motion and found Rayas not guilty. (*Id.* at

20–21). The court stated that there was "no testimony that there was any bodily harm, nor was there any testimony of an insulting or provoking nature." (*Id.* at 21). The judge also observed that there was "no element in the complaint itself as to the insulting or provoking nature" and thus, it was a defective complaint. (*Id.* at 21). After Rayas exhausted the required administrative remedies, he filed this FTCA action seeking damages for malicious prosecution. (Dkt. 30 ¶ 34).

## **LEGAL STANDARD**

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see, e.g.*, *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 485 (7th Cir. 2019). The parties genuinely dispute a material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Daugherty v. Page*, 906 F.3d 606, 609–10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In determining whether a genuine issue of fact exists, the Court must take the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Anderson,* 477 U.S. at 255; *see also Zander v. Orlich*, 907 F.3d 956, 959 (7th Cir. 2018).

## **DISCUSSION**

To prevail on a malicious prosecution claim under Illinois law, a plaintiff must show: "(1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; and (5) there

was an injury." *Martinez v. City of Chicago*, 900 F.3d 838, 849 (7th Cir. 2018) (internal quotation marks omitted). If the plaintiff fails to prove even one of these five elements, his claim fails. *Holland v. City of Chicago*, 643 F.3d 248, 254 (7th Cir. 2011).

The government argues that it is entitled to summary judgment because Rayas cannot establish three of the five elements: lack of probable cause, malice, and favorable termination. Its arguments are unsuccessful.

### A. Probable Cause

First, the government argues that there was probable cause for the battery proceedings against Rayas, and therefore his claim fails. *See Martinez*, 900 F.3d at 849 ("The existence of probable cause. . . is a complete defense to an action for malicious prosecution."). "In a malicious prosecution case, probable cause is defined as 'a state of facts that would lead a person of ordinary care and prudence to believe or to entertain an honest and sound suspicion that the accused committed the offense charged.'" *Williams v. City of Chicago*, 733 F.3d 749, 759 (7th Cir. 2013) (quoting *Gauger v. Hendle*, 954 N.E.2d 307, 329–30 (Ill. App. Ct. 2011)).

Rayas was charged with battery pursuant to 720 ILCS 5/12-3(a)(2), which provides that "[a] person commits battery if he or she knowingly without legal justification by any means. . . makes physical contact of an insulting or provoking nature with an individual." "Illinois follows the common law rule that any contact, however slight, may constitute a battery." *Garcia-Meza v. Mukasey*, 516 F.3d 535, 538 (7th Cir. 2008). The government argues that a security-camera video of the

altercation clearly shows that Rayas initiated contact with Sgt. Echeverry by forcefully bumping Sgt. Echeverry in the chest and forcing his way past Sgt. Echeverry, providing probable cause for the charge. Even if there was only minimal contact, the government says, that was enough to provide probable cause. *See, e.g., Gill v. Vill. of Melrose Park*, 35 F. Supp. 3d 956, 964 (N.D. Ill. 2014) (determining that probable cause for battery existed where subject made contact with officer's chest while reenacting an alleged assault).

The problem is that, contrary to what the government says, the video does not "easily provide[] probable cause." (Dkt. 31 at 1). In the video, which has no sound, the altercation is almost entirely obscured from view, blocked by a large object. As a result, the viewer cannot plainly determine whether Rayas made physical contact that was insulting or provoking in nature, or even whether he initiated any physical contact at all. Rayas, for his part, disputes that he ever initiated contact with Sgt. Echeverry and states that at no point did he put his hands on Sgt. Echeverry; Sgt. Echeverry was the one shoving and initiating the physical contact. (Dkt. 30 ¶ 20).

The parties' differing accounts of the altercation, and the lack of clear video evidence substantiating either account, results in a genuine dispute of material fact regarding probable cause. *See Chelios v. Heavener*, 520 F.3d 678, 686 (7th Cir. 2008) ("The probable cause determination must be made by [the factfinder] if there is room for a difference of opinion concerning the facts. . . ." (internal quotation marks omitted)). Viewing the video footage in the light most favorable to Rayas, as we must at this stage, a reasonable factfinder could find that Sgt. Echeverry was always the

one to initiate physical contact, that at no point did Rayas initiate contact and that, as a result, "a reasonable person would not have believed that" Rayas had committed battery. *Williams*, 733 F.3d at 759.

**B. Malice**

The government next argues that Rayas cannot show malice. "Malice in the context of malicious prosecution means that the officer who initiated the prosecution had any motive other than that of bringing a guilty party to justice." *Id.* at 759–60 (internal quotation marks omitted). For a malicious prosecution claim, the elements of probable cause and malice "are closely related," as "it is well established that a jury can infer malice from an absence of probable cause." *Id.* at 759–60; *see also Holland*, 643 F.3d at 255 (stating that "malice can be inferred when a defendant lacks probable cause and the circumstances indicate a lack of good faith").

The government states that there is "simply no evidence" that Sgt. Echeverry pursued Rayas for battery for any reason other than that Sgt. Echeverry had an honest and reasonable belief that Rayas committed a battery. (Dkt. 25 at 10). But, as described above, a reasonable trier of fact could find that there was no probable cause to purse a charge of battery against Rayas.

As Rayas argues, a reasonable factfinder could conclude that Sgt. Echeverry proceeded against Rayas "not because [Sgt. Echeverry] believed he was guilty and wanted to bring him to justice, but for some other reason—such as perhaps covering up a bad arrest." *Williams*, 733 F.3d at 760. Given the escalation of the situation over rather minor possible infractions (*i.e.* smoking, crossing a pedestrian barrier),

Sgt. Echeverry's quick resort to physical contact, arrest, and then signing a complaint against Rayas for battery could certainly be viewed as supporting an inference of malice. Where, as here, the evidence "would permit a finding of no probable cause and permit a reasonable inference of malice" summary judgment is not appropriate and instead a question remains for the trier of fact. *Id.*

### C. Favorable Termination

Finally, the government argues that the criminal proceedings against Rayas were not terminated in Rayas's favor. The government repeatedly cites "the dismissal" of the case, s*ee, e.g.,* Dkt 25 at 10, and argues that the case was not dismissed in a manner indicative of Rayas's innocence. Instead, the government says, the case was dismissed on a technicality, the failure to allege any insulting or provoking conduct in the complaint.

It is true that the favorable-termination requirement necessitates that the underlying criminal proceeding was terminated for reasons indicative of the plaintiff's innocence. *See Barnes v. City of Centralia, Illinois*, 943 F.3d 826, 833 (7th Cir. 2019). And in certain situations where a criminal case is dismissed, the dismissal is not necessarily indicative of innocence. *See id.* at 833–34 (noting that *nolle prosequi* order did not explain reasons for termination and therefore could not be considered indictive of the plaintiff's innocence).

Here, however, the government's repeated references to dismissal and its analogy to cases terminated by *nolle prosequi* are unavailing. The case against Rayas was not merely dismissed. The state court entered a directed finding that Rayas was

Sgt. Echeverry's quick resort to physical contact, arrest, and then signing a complaint against Rayas for battery could certainly be viewed as supporting an inference of malice. Where, as here, the evidence "would permit a finding of no probable cause and permit a reasonable inference of malice" summary judgment is not appropriate and instead a question remains for the trier of fact. *Id.*

### C. Favorable Termination

Finally, the government argues that the criminal proceedings against Rayas were not terminated in Rayas's favor. The government repeatedly cites "the dismissal" of the case, s*ee, e.g.,* Dkt 25 at 10, and argues that the case was not dismissed in a manner indicative of Rayas's innocence. Instead, the government says, the case was dismissed on a technicality, the failure to allege any insulting or provoking conduct in the complaint.

It is true that the favorable-termination requirement necessitates that the underlying criminal proceeding was terminated for reasons indicative of the plaintiff's innocence. *See Barnes v. City of Centralia, Illinois*, 943 F.3d 826, 833 (7th Cir. 2019). And in certain situations where a criminal case is dismissed, the dismissal is not necessarily indicative of innocence. *See id.* at 833–34 (noting that *nolle prosequi* order did not explain reasons for termination and therefore could not be considered indictive of the plaintiff's innocence).

Here, however, the government's repeated references to dismissal and its analogy to cases terminated by *nolle prosequi* are unavailing. The case against Rayas was not merely dismissed. The state court entered a directed finding that Rayas was

not guilty—*i.e.*, he was acquitted at trial. "[A]n acquittal is clearly sufficient to show favorable termination." *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 926 (7th Cir. 2001); *see also, e.g., Kuri v. City of Chicago*, No. 13 C 1653, 2017 WL 4882338, at *8 (N.D. Ill. Oct. 30, 2017) (declining to consider reasoning behind an acquittal in a malicious prosecution claim and stating that the plaintiff's "acquittal shows that the criminal proceedings were terminated in his favor"). The government points to no case where an acquittal, rather than a dismissal, was insufficient to show favorable termination.

Further, even if this Court were to look at the state-court's reasoning, this Court does not agree that the state court dismissed the case solely on a technicality and "expressly rejected" defense counsel's argument that Rayas's conduct did not amount to battery. (Dkt. 25 at 4). At the close of the state's case, Rayas moved for a directed finding on the grounds that the state had not met its burden to show that Rayas's conduct in this case was an "insulting or provoking" contact constituting battery. (Dkt. 26-2 at 19–20). Although the judge did indicate that he believed that Rayas had acted inappropriately and offensively, had "lost his cool," and that the officer had not been the aggressor, the judge granted the motion. (Dkt. 26-2 at 20–21). The judge noted that battery required either bodily harm or contact that is insulting or provoking. The judge concluded that the complaint against Rayas did not allege either element, a pleading deficiency, but he also concluded that the testimony at trial did not establish either element. His comments go to the state's failure to bear its burden of proof at trial, and not merely a pleading deficiency.

The Court therefore rejects the government's argument that Rayas has not met the favorable-termination requirement for a malicious prosecution claim.

## **CONCLUSION**

The government's Motion for Summary Judgment is denied. Genuine disputes of fact remain as to whether there was probable cause to institute proceedings against Rayas for battery and whether Sgt. Echeverry did so with malice. The government has also failed to show that the proceedings were not terminated in Rayas's favor. The case may proceed to trial.

_____
Virginia M. Kendall
United States District Judge

Date: January 8, 2020